UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| OWNERS ASSOCIATION OF LONGFELLOW RUN CONDOMINIUM, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT<br><br>JURY DEMAND |

Plaintiff Owners Association of Longfellow Run Condominium (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment and money damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association and money damages.

(B)   For money damages in an amount to be proven at trial.

(C)   Attorneys' fees (including expert witness fees) and costs.

(D)    For CPA Penalties of up to $25,000 per violation.

(E)   Any other relief the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the State of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Longfellow Run condominium complex consisting of 26 buildings 104 units located at 8430 25th Ave SW 98106 (the "Project") for the common enjoyment of the unit owners.

2.2     <u>State Farm</u>. State Farm Fire & Casualty Company ("State Farm") is incorporated in Illinois with its principle place of business located in Bloomington, Illinois. State Farm is registered and authorized to sell insurance in the State of Washington. State Farm sold insurance policies to the Association including Policy No. 98-01-2123-4 (in effect from at least 1989 to 2005); and 98-6079-64 (in effect from at least 1979-1980). The Association is suing State Farm under all State Farm insurance policies issued to the Association.

2.3     <u>Doe Insurance Companies 1-10.</u> Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Longfellow Run Condominium complex as covered property.

2.4     <u>Longfellow Run Insurers</u>. State Farm and Doe Insurance Companies 1-10 shall be collectively referred to as the "Longfellow Run Insurers."

2.5     <u>Longfellow Run Policies</u>. The policies issued to the Association by the Longfellow Run Insurers shall be collectively referred to as the "Longfellow Run Policies."

## III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Longfellow Run Insurers marketed and sold insurance to the Association in King County; a substantial part of the

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

events giving rise to the claim including the breach of contract occurred in King County; and the insured condominium building is located in King County.

### IV. FACTS

4.1 <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2 <u>Tender to State Farm</u>. On February 9, 2018 the Association submitted claims to State Farm for hidden damage discovered by Soltner Group Architects ("SGA"). On October 30, 2018 the Association and its insurers conducted an extensive intrusive investigation at Longfellow Run. Of the 11 openings made during this investigation, seventy three percent (73%) had damaged framing. It was SGA's opinion that "Longfellow Run Condominium suffers from water entry caused by wind driven rain. Damage occurred incrementally and progressively since shortly after initial construction." The Association understand from its experts that the cost to repair the covered hidden damage at Longfellow Run is well over the jurisdictional limit of $75,000.

4.3 <u>State Farm's Coverage Determination And Bad Faith.</u> As part of its tender of claim, the Association requested that State Farm provide it with the Association's original application for insurance to State Farm. State Farm provided the application on May 24, 2018. The application indicated that State Farm first insured the Association in June 22, 1989. The application listed three types of coverage the Association could purchase: (1) Special Form 3; (2) Form 1; and (3) Builder's Risk. The Association's application to State Farm shows that the Association chose Special Form 3 coverage from State Farm. A declaration of insurance also shows State Farm insured the Association from at least 1979 to 1980. On January 23, 2019 State Farm issued a coverage denial. In its denial letter, State Farm provided no analysis of policies issued from 1989 to June 22, 1991, despite knowing Special Form 3 was in effect in 1989. State Farm also did not acknowledge providing coverage in 1979 to 1980.

4.4 State Farm has previously testified in another lawsuit that when Special Form 3 is marked on an insurance application it is "highly likely" the special form 3 policy was issued. State Farm

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

also testified that Special Form 3 is another way of describing its all-risk coverage form. On information and belief from at least 1989-1990, State Farm used FP-8143.1 as its special form 3 all-risk coverage form and FE-8375 as a mandatory endorsement with special form 3, FP-8143.1. State Farm continued use of this coverage from 1989 to February, 1990 and discontinued use of FP-8143.1 in 1990.

4.5  On information and belief State Farm was aware of the coverage provided to the Association based off the application; could have recreated the policy and assessed for coverage under the policy; but chose not to do so.  State Farm was aware that the from 1989-1990 Special Form 3 policy covered because it did not exclude damage from water intrusion, but refused to inform the Association of this coverage or even that State Farm issued any insurance policies to the Association during this time period.

## V.    FIRST CLAIM:
## DECLARATORY RELIEF THAT THE LONGFELLOW RUN POLICIES PROVIDE COVERAGE

5.1  <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2  <u>Declaratory Relief</u>.  An actual, present and justiciable controversy has arisen between the Association and the Longfellow Run Insurers regarding the interpretation of its policies. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

a.  The Longfellow Run policies cover the hidden damage to building paper, exterior sheathing, and framing at the Longfellow Run Condominium Complex.

b.  No exclusions, conditions, or limitations bar coverage under the Longfellow Run policies.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

     c.    The loss or damage to the Longfellow Run Condominium complex was incremental and progressive. New damage commenced during each year of the Longfellow Run policies.

     d.    The Longfellow Run policies cover the cost of investigating the hidden damage at Longfellow Run Condominium Complex and repairing the damaged building paper, exterior sheathing, and framing at the Longfellow Run Condominium Complex.

## VI.    SECOND CLAIM:

## AGAINST STATE FARM FOR BREACH OF CONTRACT

6.1    <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    State Farm has contractual duties under the terms of its policy and/or policies to pay the cost of repairing the covered damage to the Longfellow Run Condominium buildings.

6.3    State Farm breached its contractual duties by denying coverage and by failing to pay the cost of repairing the covered damage to the Longfellow Run Condominium buildings.

6.4    As a direct and proximate result of State Farm's breaches of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5    <u>Additional Damages</u>. As a direct and proximate result of State Farm's breach of its insurance contract, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM:

## AGAINST STATE FARM FOR BAD FAITH

7.1    The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2    A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

act or practice in the business of insurance, and a breach of the insurance contract. State Farm violated Washington claim handling standards by:

- Failing to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented;

- Failing to investigate thoroughly and promptly all claims of lost policies. Failing to provide all facts known or discovered during an investigation concerning the issuance and terms of a policy, including copies of documents establishing such facts, to an insured claiming coverage under a lost policy;

- Failing to cooperate with the Association in the investigation of policies missing from 1979-1980; and 1989-1990 including failing to provide facts known or discovered during an investigation;

- Failing to provide the Association with an accurate copy or reconstruction of the policy or the portions of the policy located;

- Failure to provide copies of all insurance policy forms potentially applicable to the Association's claim;

- Failing to adopt and implement reasonable standards for the prompt investigation of the Association's claim;

- Misrepresenting pertinent facts or insurance policy provisions;

- Failing to construe ambiguities in facts, law, or policy language in favor of coverage;

- Refusing to pay the Association's claims without conducting a reasonable investigation;

- Failing to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on State Farm's interests;

- Failing to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

7.3   The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470, 78 P.3d 1266 (2003).

7.4   The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having reasonable justification, fails to act in good faith. *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998); *Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 907, 792 P.2d 520 (1990).

7.5   A violation, if any, of one or more of the following Washington claim handling standards described in paragraphs 7.2 above is a breach of the duty of good faith.

7.6   State Farm breached its duty of good faith to the Association by unreasonably failing to acknowledge the existence of State Farm policies issued to the Association from 1979-1980; and 1989-1990; failure to acknowledge coverage provided by the State Farm policies issued to the Association from1979-1980; and 1989-1990; refusing to reconstruct the State Farm policies from 1979-1980; and 1989-1990; refusing to provide the Association with the pertinent coverage forms in effect from 1979-1980; and 1989-1990; claiming that it was unable to determine anything about the coverage of the State Farm policies from 1979-1980; and 1989-1990; and denying coverage without a reasonable justification.

7.7   As a direct and proximate result of these breaches of its duties of good faith the Association has been damaged in an amount to be proven at trial.

## VIII.   FOURTH CLAIM:

## AGAINST STATE FARM FOR VIOLATIONS OF

## THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.7, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

8.2   Violations of WAC claims handling standards are per se CPA violations. State Farm's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of State Farm's CPA violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Longfellow Run Policies provide coverage as described herein and for money damages.

9.2   <u>Money Damages</u>. For money damages in an amount to be proven at trial.

9.3   <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4   <u>CPA Penalties.</u> For CPA Penalties of up to $25,000 per violation.

9.5   <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## X.   DEMAND FOR JURY TRIAL

10.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 20th day of March, 2019.

STEIN, SUDWEEKS & STEIN, PLLC

*/s/Jerry Stein*
Jerry Stein, WSBA No. 27721
*/s/Justin D. Sudweeks*
Justin D. Sudweeks, WSBA No. 28755
*/s/Daniel Stein*
Daniel Stein, WSBA No. 48739
*/s/Jessica Burns*
Jessica Burns, WSBA No. 49852
2701 First Ave., Suite 430
Seattle, WA 98121

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

Email: jstein@condodefects.com
justin@condodefects.com
dstein@condodefects.com
jessica@condodefects.com
Phone: (206) 388-0660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR BREACH OF CONTRACT, BAD FAITH AND VIOLATIONS OF THE CONSUMER PROTECTION ACT- 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660